United States District Court

Eastern District of California

Frederick Bennett, Sr.,

     Petitioner,                  No. Civ. S 03-2520 MCE PAN P

  vs.                           Findings and Recommendations

M. Knowles,

     Respondent.

-oOo-

Petitioner was a prisoner when he commenced this action seeking a writ of habeas corpus but has since been released to parole. See 28 U.S.C. § 2254. Respondent moves to dismiss upon the ground petitioner has failed to exhaust available state remedies. Petitioner filed no opposition.

August 31, 2000, petitioner was convicted of three counts of battery on a prisoner and was sentenced to four years in prison.

While in prison, petitioner lost time credits as a disciplinary measure for violating grooming standards. He

1 appealed but prison officials rejected it upon the ground it was
2 untimely.
3    Petitioner filed a petition for a writ of habeas corpus in
4 the Sacramento County Superior Court.  That court denied relief.
5    December 3, 2003, petitioner filed his federal petition.
6    A district court may not grant a petition for a writ of
7 habeas corpus unless "the applicant has exhausted the remedies
8 available in the courts of the State," or unless there is no
9 State corrective process or "circumstances exist that render such
10 process ineffective to protect the rights of the applicant."  28
11 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion
12 requirement by presenting both the operative facts and the legal
13 theory to the highest state court.  Duncan v. Henry, 513 U.S.
14 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 278 (1971).
15 General appeals to constitutional principles, such as due
16 process, equal protection and the right to a fair trial, are
17 insufficient to exhaust a claim.  See Gray v. Netherland, 518
18 U.S. 152, 162-63 (1996).  A petitioner must identify the
19 "specific federal constitutional guarantee," Gray, 518 U.S. at
20 162-63, even if the facts make a constitutional theory "self-
21 evident."  See Anderson v. Harless, 459 U.S. 4, 7 (1982).
22 A claim is unexhausted if any state remedy is available.  See
23 O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (petitioner must seek
24 discretionary review from state court of last resort); Roberts v.
25 Arave, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where
26 state supreme court referred petitioner's appeal of trial court's

denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). An unexhausted petition must be dismissed. Picard, 404 U.S. at 271.

In his federal petition, petitioner seeks restoration of time credits upon the ground he is exempt from the grooming standards because of his religious beliefs.

Petitioner filed no appeal or petition in the California Supreme Court challenging the revocation of his credits.

Accordingly, petitioner failed to exhaust available state remedies.

In his petition, petitioner relies on Granberry v. Greer, 481 U.S. 129 (1987), to contend he should be excused from exhausting because there has been a miscarriage of justice.

In Granberry, the Supreme Court held that when a respondent fails to assert non-exhaustion in the district court, the appellate court must evaluate whether the interests of comity and federalism are better served by reaching the merits (and possibly granting relief) or by requiring additional state and district court proceedings. Granberry, 481 U.S. at 134. But in light of subsequent amendments to the habeas corpus statute, see 28 U.S.C. § 2254(b)(1), (3), and of respondent's raising petitioner's failure to exhaust, Granberry is inapposite.

For these reasons, I hereby recommend respondent's September 10, 2004, motion to dismiss be granted and that this action be dismissed without prejudice.

1  Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
2  findings and recommendations are submitted to the United States
3  District Judge assigned to this case.  Written objections may be
4  filed within 20 days of service of these findings and
5  recommendations.  The document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  The district
7  judge may accept, reject, or modify these findings and
8  recommendations in whole or in part.
9  Dated:  September 6, 2005.

                                        /s/ Peter A. Nowinski
                                        PETER A. NOWINSKI
                                        Magistrate Judge